## CHAS. ARBEGUST *v.* MARGARET ALVARY.

**Husband and Wife—Abandonment by Wife.**

A wife has a right to refuse to continue to live with a husband who had taken up with another woman, holding her out to the world on some occasions as his wife, and with whom he publicly associated.

**Same—Liability for Support—Notice to Third Party.**

Notice by a husband that he would not be responsible for maintenance of his wife and child, who had refused to further associate with him, Held, to be insufficient, and could be disregarded by one to whom the wife applied for sustenance.

**Same.**

A husband is held liable for the support of his wife and family, where shown that the wife was without fault, she not having the means of an individual support.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

January 28, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

This action was prosecuted to recover from Arbegust for the board, lodging and clothing of his wife and infant child.

It is alleged that he abandoned his said wife and child, leaving them in the most destitute condition and that he utterly failed, neg-

lected and refused to provide anything for their support and maintenance.

It is objected that the petition is insufficient inasmuch as it does not charge that the abandonment of the wife was without good or sufficient cause. If this be a defect it was not taken advantage of by demurrer, and it is cured by the answer. The appellant does not deny the separation, but pleads in justification thereof that his wife was responsible therefor, she having refused to share with him his room and bed, and in point of fact and law having previously abandoned him.

This plea raised the issue as to whether he had good cause to leave the house at which he had and his wife had previously resided, and to refuse longer to provide for her support.

It is unnecessary for this court to pass upon the questions of fact presented in the record. It is sufficient that the evidence is of that character which forbids the setting aside of the verdict of the jury, unless for errors of law committed upon the trial by the court below. It is insisted that said court erred in permitting evidence to go to the jury conducing to establish adulterous intercourse between the appellant and lewd women before and after the separation from his wife, as the same could not have been the cause of the separation, nor have operated as a justification of the wife, in the abandonment imputed to her. It seems that the immediate cause of the domestic difficulties between appellant and his wife was the discovery by her in his possession of a letter well calculated to excite in the mind of the wife suspicions as to the fidelity of the husband to his marriage vows, and in the angry controversy between them at the time the letter was discovered expressions fell from them both indicating that the suspicions of the wife had been aroused before that time. As these prior suspicions were important in so far as they accounted for the feeling exhibited by the wife on that occasion, it was competent to prove circumstances occurring before that time, affording grounds upon which such suspicions might well have been founded.

His subsequent intercourse with the woman, Jenny Goodposture, whom there is evidence conducing to show that he held out to the world on some occasions as his wife, and with whom he publicly associated, afforded a good and sufficient reason for the refusal of the wife to accept any offers he may have made after the original separation to take her back, and to provide for her and her child in the future.

The action of the court in giving and refusing instructions seems to be unobjectionable. And whilst the learned counsel representing the appellant insists that under the law no recovery should have been had, he does not call our attention to either one of the instructions given as specifically objectionable nor does he insist that either of those refused, correctly embodied the law upon either of the material questions in issue.

The only other point necessary to be noticed is the legal effect of the notice given by Arbegust to the appellee forbidding her from affording shelter to, or having any transactions with his wife and child. From the evidence we are satisfied that neither the mother nor the child was able by their personal exertions to support themselves. It was the legal duty of the husband and father to provide for them, and if he failed to do so, without good cause as to the wife and in any event as to the child, the deserted wife and mother had the right to obtain for herself and her infant child shelter, sustenance and such reasonable comforts as they were entitled to have considering their station in life, and for this much at least the law will compel the derelict husband to pay. And further than this the wife, when thrown upon her own resources, had the right to obtain these necessities and comforts for herself and child, at the hands of the only person in the city of Louisville to whom she was related, and upon whom she had the slightest claim. Under the circumstances her sister's home was the proper place for her to live, and to drive her from the only shelter at which she had a welcome, would have been an act of cruelty upon the part of the husband, which the law will neither permit nor excuse.

The appellee, therefore, had the right to disregard the notice, and Arbegust can not escape legal responsibility for the support of his wife and child by reason thereof.

The question as to whether or not appellant abandoned his wife without good cause or whether she first abandoned him and as to what was a reasonable compensation to the appellee for the support of the wife and child were properly submitted to the jury, and as they heard and weighed all evidence in the case, and as there was no error in the action of the court below affecting the substantial rights of the appellant, we do not feel inclined to disturb their verdict.

Judgment affirmed.

*Speed, for appellant.*

*Woolly, for appellee.*